EL PUEBLO *v.* BURGOS, JR.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 437.—Resuelto en junio 24, 1912.

DERECHO PENAL—VIOLACIÓN—COARTADA.—En un caso de violación no es esencial probar la fecha exacta de la comisión del delito, siendo suficiente el probarla aproximadamente.

ID.—INSTRUCCIONES AL JURADO.—No es errónea la instrucción dada por el tribunal al jurado en un caso de violación, en el sentido de que si el jurado llega a la conclusión de que en una fecha anterior a la presentación de la acusación y alrededor de la fecha a que se refiere la acusación, tuvo lugar el acto carnal, el jurado debe presentar un veredicto de culpabilidad.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel M. Sama, Jr.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

En este caso el acusado fué procesado y declarado culpable ante la Corte de Distrito de Ponce, de un delito de violación. La sentencia que se le impuso fué de cinco años de presidio. El acusado resultó ser un joven de 17 años y su víctima una joven de 11 años de edad. Solamente era nece-

sario probar en este caso dos hechos: primero, la comisión del acto carnal, y segundo, que la joven era menor de 14 años.

La única defensa presentada por el acusado fué la de coartada. Si el acto se realizó el día 14 de octubre según declararon algunos de los testigos, entonces la prueba de coartada era de gran consideración. Pero pudo ocurrir el día anterior o antes de ese día. No era necesario que se probara la fecha precisa. Era bastante con que fuera una fecha aproximada.

En el alegato del apelante sólo se consigna un error y la apelación está fundada en esta cuestión solamente. Dicho error es el siguiente:

La corte cometió error al dar al jurado la siguiente instrucción:

"El jurado habrá oído que el testigo Verdesia en su declaración se ha referido a la fecha exacta del catorce. Si en este caso llega el jurado a la conclusión de que en una fecha anterior a la acusación (la acusación se formuló el día 15 de diciembre de 1911), si el jurado está convencido fuera de duda razonable de que en una fecha anterior al 15 de diciembre de 1911 en que se presentó la acusación en este caso, y alrededor de la fecha a que se refiere la acusación, o en esa fecha, este acusado Francisco Burgos tuvo actos carnales con la niña Dionisia Luna, conocida por Leonor Burgos, y si el jurado por la prueba practicada en este caso llega a la conclusión de que esa niña tiene once años, considerando al efecto la certificación que sobre ese extremo se ha presentado, entonces el jurado tiene que venir a esta corte con un veredicto de culpabilidad contra el acusado." (Página 5 del *transcript.*)

La cuestión se discutió para producir una primera impresión y no se ha citado autoridad alguna en apoyo de la actitud adoptada por el abogado.

El Fiscal cita en su alegato con relación a este punto una opinión de la Corte Suprema de California que es completamente pertinente a la cuestión. Esa corte expresa la ley en la siguiente forma:

"La corte dió al jurado la siguiente instrucción:

"La esencia del crimen acusado en esta información, es 'criminalmente hurtar y llevar el ganado.' Esto se alega ocurrió en o alrededor de el 20 de noviembre, 1890. Ustedes verán que el día preciso en que tuvo lugar, no se alega. 'En o alrededor,' son las palabras de la acusación; y les instruyo que si ustedes creen de la evidencia en este caso, fuera de duda razonable y hasta una certeza moral, que el acusado hurtó, o ayudó a hurtar el ganado mencionado en la acusación, aunque no crean que fué hecho el 20 de noviembre sino algunos días cerca de esa fecha, entonces su veredicto debe ser de 'culpable.' Porque la ley mira al crimen cometido, y no al día preciso de su comisión, si cometido antes de la presentación de la acusación, y dentro de un tiempo razonable de la fecha fijada. Esta es la ley en todos los casos, excepto cuando el tiempo es la esencia del crimen cometido, y, como he dicho antes, el tiempo no es la esencia del crimen en este caso.

"La defensa del apelante fué la de coartada, y mientras con argumentos atacó el principio envuelto en la instrucción arriba mencionada, no citó ninguna jurisprudencia en su apoyo. Dos testigos llamándose ser partícipes (*particeps criminis*) con el apelante en la comisión del hurto, testificaron que acompañados por él ellos tomaron posesión y llevaron el ganado el día 20 de noviembre. Otras personas testificaron que vieron al apelante en posesión del ganado un día o dos después en un condado contiguo. La evidencia del apelante tendía fuertemente a demostrar que él se encontraba en el pueblo de Gridley el día 20 de noviembre, un pueblo situado a varias millas de distancia de la escena del supuesto hurto. Bajo estos hechos, la instrucción expresa la ley, y no podemos comprender cómo al darla infringió de algún modo los derechos del apelante. Como dijo la corte, la fecha exacta de la comisión del crimen era inmaterial. El hecho material es, ¿cometió el apelante el hurto? El no fué privado del efecto de su evidencia sobre la cuestión de coartada por la instrucción de la corte; estuvo ante el jurado para todo el efecto que pudiera tener, y sin duda fué debidamente pesada por los jurados al llegar a su veredicto. Si tuvo fuerza suficiente, destruyó lo dicho por sus cómplices con respecto a la fecha del hurto, y destruyendo sus testimonios en este particular, naturalmente la debilitaría con respecto a la cuestión principal, pero todas estas cuestiones se presentaron al jurado, y fueron debidamente consideradas. Suponemos que la evidencia del apelante estableció fuera de duda su presencia en el pueblo de Gridley durante todo el día 20 de noviembre; tal hecho no hubiera autorizado a la corte de aconsejar al jurado de absolver por razón del *alibi*. Otra vez, si la evidencia en este caso, hubiera indicado la culpabilidad

del apelante hasta una certeza moral, y concediendo su *alibi* como probado, como fué tentado hacerlo, ciertamente su absolución no hubiera resultado de tales condiciones. Un *alibi* completo y perfecto establece como un hecho que la parte no cometió la ofensa; pero el *alibi* que se trataba de demostrar en este caso, si hubiera sido demostrado, hubiera faltado completamente al llenar tal requisito de la ley.''

Consideramos que en ese caso se resuelve completamente la cuestión. La instrucción dada por la corte sentenciadora al jurado fué correcta. El jurado encontró que los hechos en los que se fundaba la defensa de *alibi* estaban en contra del acusado, por lo que su única defensa quedó eliminada. Se le fijó el castigo más bajo que la ley prescribe sin duda en consideración a su edad, y no existiendo errores aparentes en los autos, estando la sentencia justificada por el veredicto que se fundó en los hechos probados, debe confirmarse en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.